UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLENE LA DOUER,<br><br>    Plaintiff,<br><br>    v.<br><br>U.C.S.F, et al.,<br><br>    Defendants. | Case No. 15-cv-02214-MEJ<br><br>**ORDER RE: APPLICATION TO PROCEED IN FORMA PAUPERIS** |

## INTRODUCTION

Plaintiff Charlene La Douer filed two Complaints and two Applications to Proceed In Forma Pauperis ("IFP").[1]  *See* Dkt. Nos. 1 (First Compl.); 8 (Second Compl.); 5 (First Appl.); 7 (Second Appl.).  Having carefully reviewed Plaintiff's IFP Applications, the Court requires additional information before determining whether she may proceed in forma pauperis.

## BACKGROUND

**A.    The Complaints**

Plaintiffs' Complaints are hand-written and largely illegible and incomprehensible.  From what the Court can ascertain, Plaintiff's First Complaint, filed on May 18, 2015, names as Defendants "UCSF," "Juvenile Court," Mayor Ed Lee, and "Tesla."  First Compl. at 1.  Plaintiff appears to allege that UCSF Well Baby Nursery and Hospital engaged in "malpracticing" when a nurse misread something about Plaintiff's newborn child's condition on August 2, 1999.  *Id.* at 2.  As to Mayor Lee, Plaintiff appears to accuse him of "offering jobs to immigrants" and states: "There jobs to fix up the city, where for drug police to know Jesus, and offer Rehab by demonstrating job skills, to inmates of Calif. prisons . . . ."  *Id.*  She also mentions the fire

---

[1] Plaintiff also filed an application to proceed without prepaying fees or costs, but that form is reserved for prisoners, which Plaintiff is not, and as such, the Court **STRIKES** that document.  *See* Dkt. No. 6.  Consequently, this Order only considers Plaintiff's two IFP Applications and her Complaints.

department and "for every building to show concern for safety of 1806 Earthquake . . . ." *Id.* The Complaint never mentions Tesla, the Juvenile Court, or why Plaintiff names them as Defendants.

Plaintiff's Second Complaint, filed on May 27, 2015, names only "Caminar," although it discusses UCSF and the nurse, explaining that on July 28, 1999, the nurse misread her son's "tox screen[.]" Second Compl. at 2. She also discusses "CPS," which appears to be Child Protective Services, stating it "conspired prior to this for adoption without advising me or my consent" and writing that "this has been an ongoing battle to keep me where they can control me[.]" *Id.* Plaintiff alleges that Caminar "continues to have illegally obtained evidence, and sexual contents in their [illegible] . . . to use to exploit, degrade, attack at anytime . . . ." *Id.* at 3. Plaintiff demands "restorative justice . . . . including my parental rights," as well as "an immediate restraining order" and "a search warrant from their premises in San Mateo." *Id.*

## B.   In Forma Pauperis Application

Like her Complaints, Plaintiff's IFP Applications are handwritten and often difficult to read. There are also inconsistencies between the Applications.

In Plaintiff's First Application, filed May 18, 2015, she indicates that she is unemployed and receives $869 per month in SSI, which the Court takes to be Social Security Income. First Appl. at 1-2. In the same section where she indicates her SSI, Plaintiff also writes "450.Rent[,] 110.storage[,] 50/wk [illegible,] 25/mother – owe mother 260 – Dental Credit ([illegible] credit)[.]" *Id.* at 2. It is unclear whether those amounts are income or whether they are monthly expenses, debts, or something else entirely. *See id.* Elsewhere she indicates that her monthly expenses are $450 for rent, but does not list her monthly expenses for food, clothing, or utilities, writing only that they are "included[,]" although it is unclear what she means by "included" or where those expenses are included. *Id.* at 3. The Application also notes that she pays an additional $260 per month on a charge account entitled "care credit." *Id.* Plaintiff also provides conflicting information about whether she has another lawsuit raising the claims present in this action. *Id.* at 4. Specifically, Plaintiff marks that she does not have another lawsuit involving the same claims, but in the following section provides what appears to be the name of an action involving San Mateo County. *Id.*

Plaintiff's Second Application, filed on May 27, 2015, indicates a monthly income of $900 a month but does not state the precise source. Second Appl. at 2. Additionally, in the section asking Plaintiff to list her monthly expenses, she again writes $450 for rent, but like her First Application, she does not list her monthly expenses for food, clothing, or utilities, writing only that they are "included[,]" but failing to state where they are included. *Id.* at 3. Plaintiff identifies a charge account, but her writing is illegible and the Court cannot determine the name and amount owed to the listed account. *Id.* at 3. Plaintiff writes that she is owes a debt to her mother for "care credit," but does not indicate what balance is due. *Id.* at 3.

## LEGAL STANDARD

Under 28 U.S.C. § 1915, a district court may authorize the commencement of a civil action IFP if it is satisfied that the plaintiff cannot pay the filing fees necessary to pursue the action. *See* 28 U.S.C. § 1915(a)(1). The policy for allowing a plaintiff to proceed IFP is to protect litigants from abandoning "what may be a meritorious claim in order to spare himself complete destitution." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 340 (1948). However, "[c]ourt permission to proceed in forma pauperis is itself a matter of privilege and not right; denial of in forma pauperis status does not violate the applicant's right to due process." *Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984).

To determine IFP eligibility, an applicant must "submit[] an affidavit that includes a statement of all assets" showing that the applicant "is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). To satisfy this requirement, "an affidavit [of poverty] is sufficient which states that one cannot because of his [or her] poverty pay or give security for costs . . . and still be able to provide himself and dependents with the necessities of life." *Adkins*, 335 U.S. at 339. The Ninth Circuit has held that "a plaintiff seeking IFP status must allege poverty 'with some particularity, definiteness and certainty.'" *Escobedo v. Applebees*, __ F.3d __, 2015 WL 3499902, at *7 (9th Cir. June 4, 2015) (quoting *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981)). The Court has discretion to make a factual inquiry into an IFP applicant's financial status and to deny the application where the applicant is unable or unwilling to verify his or her poverty. *McQuade*, 647 F.2d at 940.

3

**DISCUSSSION**

Although Plaintiff claims that she is impoverished and cannot afford payment of the requisite filing fees to commence her lawsuit, Plaintiff's Applications are incomplete and contain inconsistent information. Courts require more "particularity, definiteness and certainty" in analyzing such applications. *McQuade*, 647 F.2d at 940.

For example, in the case of *Bridgewater v. Bankson*, the plaintiff submitted multiple IFP applications, which contained inconsistencies and provided incomplete information about her financial status. 2010 WL 291786, at *9 (N.D. Cal. Jan. 18, 2010). The *Bridgewater* court initially denied the plaintiff's first IFP application, noting inconsistencies between her reported net income and expenses. *Id.* at *9. The court, however, allowed the plaintiff to amend and clarify her IFP application, and consequently, plaintiff filed two more amended IFP applications. *Id.* But again, the revised applications "fail[ed] to give a consistent or adequate statement of her finances." *Id.* As the court was unable to assess the plaintiff's financial status based on her applications' incomplete and conflicting representations, the court denied her applications. *Id.*; *see also Hopkins v. Tacoma Mun. Court*, 393 F. App'x 476, 477 (9th Cir. 2010) (affirming denial of IFP application for not accounting for different statements regarding employment information); *United States v. Sidman*, 470 F.2d 1158, 1160 (9th Cir. 1972) (an IFP application "must include, at a minimum: Plaintiff's income in such a manner that the Court can accurately calculate annual income . . . and any debts or expenses that reduce monthly and yearly income.").

As in *Bridgewater*, Plaintiff's Applications are incomplete and reveal inconsistencies. Among other things, Plaintiff's Applications reflect two different monthly income amounts and do not specify the precise sources for this monthly income. Additionally, while Plaintiff's Applications consistently state that her rent is $450 per month, it is unclear how much, if anything, she pays for food, clothing, or utilities, and the Court is unable to determine what she means by "included." Further, it appears Plaintiff owes a debt to her mother, but it is not clear how much she owes or pays per month. Given this incomplete and sometimes inconsistent information, the Court cannot currently assess whether Plaintiff's financial status qualifies her to proceed IFP. *See Bush v. Ohio Dep't of Rehab. & Corr.*, 2007 WL 4365381, at *1 (S.D. Ohio Dec. 10, 2007) ("In

forma pauperis status is usually reserved either for indigent prisoners or for persons who subsist on small fixed-income payments such as social security, unemployment compensation, or public assistance and who would truly be required to forego food, shelter, clothing, or some other necessity were they to devote any of their scant resources to paying a judicial filing fee."). Nonetheless, as in *Bridgewater*, the Court will provide Plaintiff with an opportunity to cure the issues identified above.

## CONCLUSION

Based on the foregoing, if Plaintiff wishes to proceed IFP, the Court **ORDERS** her to file <u>one</u> amended IFP Application providing clear, legible, and complete answers to all the questions in the Application. Plaintiff must file her amended application **by August 12, 2015**. If Plaintiff does not file an amended IFP Application by August 12, 2015, her Complaint may be dismissed.

The Court further **VACATES** the August 20, 2015 Case Management Conference and all related deadlines pending resolution of Plaintiff's IFP Application.

Additionally, as Plaintiff is proceeding pro se, she may wish to seek assistance from the Legal Help Center, a free service of the Volunteer Legal Services Program, by calling 415-782-8982, or by signing up for an appointment on the 15th Floor of the Federal Courthouse in San Francisco, 450 Golden Gate Avenue, San Francisco, California. At the Legal Help Center, you will be able to speak with an attorney who may be able to provide basic legal help but not representation. More information is available at http://cand.uscourts.gov/helpcentersf. Plaintiff may also obtain a copy of the Court's *Handbook for Litigants Without a Lawyer*, available free of charge in the Clerk's Office, or online at http://cand.uscourts.gov/prosehandbk. This handbook provides an explanation of the required components of a complaint.

**IT IS SO ORDERED.**

Dated: July 15, 2015

_____
MARIA-ELENA JAMES
United States Magistrate Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLENE LA DOUER,<br><br>    Plaintiff,<br><br>    v.<br><br>U.C.S.F,<br><br>    Defendant. | Case No.   15-cv-02214-MEJ<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 15, 2015, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Charlene  La Douer
505 Cypress
S.S.F, CA 94128


Dated: July 15, 2015

                                                    Richard W. Wieking
                                                    Clerk, United States District Court

                                                    By: _____
                                                    Chris Nathan, Deputy Clerk to the
                                                    Honorable MARIA-ELENA JAMES