UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLENE LA DOUER,<br><br>    Plaintiff,<br><br>    v.<br><br>U.C.S.F,<br><br>    Defendant. | Case No. 15-cv-02214-MEJ<br><br>**ORDER FOR CLERK OF COURT TO REASSIGN CASE**<br><br>**REPORT & RECOMMENDATION** |

## INTRODUCTION

On May 28, 2015, Plaintiff Charlene La Douer filed the above-captioned case. Dkt. No. 1. She has also filed several In Forma Pauperis ("IFP") Applications. Dkt. Nos. 5, 7. On July 15, 2015, the Court issued an Order seeking clarification regarding Plaintiff's pending IFP Applications, noting they were handwritten and often difficult to read. Dkt. No. 16 at 2. To the extent the Court could read Plaintiff's Applications, her responses were incomplete and in some cases provided inconsistent information; the Court was and remains unable to assess whether Plaintiff's financial status qualifies her to proceed IFP. *Id.* at 4. The Court ordered Plaintiff to file "<u>one</u> amended IFP Application providing clear, legible, and complete answers to all the questions in the Application" by August 12, 2015. *Id.* at 5 (emphasis in original). The Court warned her that if she did not file an amended Application by that date, her Complaint may be dismissed. *Id.*

Plaintiff did not file an amended Application, and on August 19, the Court issued an Order to Show Cause as to why the case should not be dismissed for failure to prosecute and failure to comply with Court deadlines. Dkt. No. 17. The Court ordered Plaintiff to submit a responsive declaration by September 3, 2015 and warned that the Court "<u>shall dismiss this case without a hearing if no responsive declaration is filed</u>." *Id.* at 2 (emphasis in original). As of the date of this

Order, the Court has not received a responsive declaration from Plaintiff.  Based on this procedural history, the Court finds it appropriate to dismiss this case pursuant to Federal Rule of Civil Procedure 41(b).  However, Plaintiff has filed both a consent to Magistrate Judge jurisdiction and two requests for reassignment.  *See* Dkt. Nos. 9 (consent), 12, 14 (declinations).  Accordingly, out of an abundance of caution, the Clerk of Court shall reassign this case with the recommendation that the newly-assigned judge dismiss the case for failure to prosecute.  The September 17, 2015 Order to Show Cause hearing is **VACATED**.

## LEGAL STANDARD

Under Rule 41(b), "the district court may dismiss an action for failure to comply with any order of the court." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992); *see also Oliva v. Sullivan*, 958 F.2d 272, 273-74 (9th Cir. 1992) (district court may dismiss sua sponte for failure to meet court deadline).  "[T]he district court must weigh the following factors in determining whether a Rule 41(b) dismissal is warranted: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.'"  *Omstead v. Dell, Inc.*, 594 F.3d 1081, 1084 (9th Cir. 2010) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).  The *Henderson* factors "are 'not a series of conditions precedent before the judge can do anything,' but a 'way for a district judge to think about what to do.'"  *In re Phenylpropanolamine (PPA) Prods. Liab. Litig. (In re PPA)*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Valley Eng'rs Inc. v. Elec. Eng'g Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998)).  Dismissal is appropriate "where at least four factors support dismissal . . . or where at least three factors 'strongly' support dismissal."  *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998).

## DISCUSSION

The first two *Henderson* factors strongly support dismissal.  First, "the public's interest in expeditious resolution of litigation always favors dismissal."  *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999).  Second, the Court's need to manage its docket also weighs in favor of dismissal.  Plaintiff's repeated failures to comply with the Court's Order on her IFP Applications

1    and the Order to Show Cause have delayed adjudication of the claims in this case and have
2    undermined the Court's ability to move the case forward.  Non-compliance with procedural rules
3    and the Court's orders wastes "valuable time that [the Court] could have devoted to other . . .
4    criminal and civil cases on its docket."  *Ferdik*, 963 F.2d at 1261.

5          As for the third *Henderson* factor, the prejudice to the Defendants is minimal here as they
6    have not yet been served or appeared in this case.  That said, they are still named as Defendants
7    without the opportunity to defend themselves until it is determined whether Plaintiff may proceed
8    IFP under 28 U.S.C. § 1915, and whether her Complaint satisfies 28 U.S.C.A. § 1915A's
9    screening requirements.  Plaintiff's failure to respond to the Court's Orders potentially
10   unnecessarily delays Defendants in progressing with their defense.  Moreover, "a presumption of
11   prejudice arises from a plaintiff's unexplained failure to prosecute."  *Laurino v. Syringa Gen.*
12   *Hosp.*, 279 F.3d 750, 753 (9th Cir. 2002).  A plaintiff has the burden of demonstrating a non-
13   frivolous reason for failing to meet a court deadline.  *Id.*; *see also Yourish*, 191 F.3d at 991.  Here,
14   Plaintiff failed to respond to the Court's Order to Show Cause, offered no explanation for the
15   failure to file a responsive declaration to the Court's earlier Order for clarification on her IFP
16   Applications, and did not request an extension of either of the related filing deadlines.  Therefore,
17   the Court concludes that the third *Henderson* factor also supports dismissal.

18         The fourth *Henderson* factor, that public policy favors disposition of cases on their merits,
19   normally weighs strongly against dismissal.  *See, e.g.*, *Hernandez*, 138 F.3d at 399.  "At the same
20   time, a case that is stalled or unreasonably delayed by a party's failure to comply with deadlines . .
21   . cannot move forward toward resolution on the merits."  *In re PPA*, 460 F.3d at 1228.  The Ninth
22   Circuit has "recognized that this factor 'lends little support' to a party whose responsibility it is to
23   move a case toward disposition on the merits but whose conduct impedes progress in that
24   direction."  *Id.* (quoting *In re Exxon Valdez*, 102 F.3d 429, 433 (9th Cir. 1996)).  Thus, if the
25   fourth *Henderson* factor weighs against dismissal here, it does so very weakly.

26         Finally, the Court has already attempted less drastic sanctions, without success, and
27   therefore determines that trying them again would be inadequate or inappropriate.  "Though there
28   are a wide variety of sanctions short of dismissal available, the district court need not exhaust

1  them all before finally dismissing a case." *Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 674
2  (9th Cir. 1981).  The Court has already attempted the lesser sanction of issuing an Order to Show
3  Cause and giving Plaintiff an opportunity to explain her failure to respond to the Court's Order
4  requesting clarification on her IFP Applications.  As Plaintiff failed to respond to both of these
5  Orders, another order requiring Plaintiff to respond is likely to be futile.  *See, e.g.*, *Gleason v.*
6  *World Sav. Bank, FSB*, 2013 WL 3927799, at *2 (N.D. Cal. July 26, 2013) (finding dismissal
7  under Rule 41(b) appropriate where the court previously attempted the lesser sanction of issuing
8  an Order to Show Cause and giving the plaintiff an additional opportunity to re-plead).  Further,
9  the Order to Show Cause warned Plaintiff of the risk of dismissal, stating: "<u>Notice is hereby
10 provided to Plaintiff that the Court shall dismiss this case without a hearing if no responsive
11 declaration is filed</u>." Dkt. No. 17 at 2 (emphasis in original).  Thus, Plaintiff cannot maintain that
12 the Court has failed in its "obligation to warn the plaintiff that dismissal is imminent." *Oliva*, 958
13 F.2d at 274.  Accordingly, the Court finds that the fifth factor also weighs in favor of dismissal.

## CONCLUSION

15 Based on the analysis above, the Court finds that at least four of the five *Henderson* factors
16 weigh in favor of dismissal.  Plaintiff failed to file a response to the Court's Order on her IFP
17 Applications and failed to respond to the Order to Show Cause.  Plaintiff failed to prosecute this
18 case and comply with Court deadlines, and dismissal is appropriate.  However, a less drastic
19 alternative is to dismiss without prejudice.  *See Ferdik*, 963 F.2d at 1262.  Dismissal will minimize
20 prejudice to Defendant, but dismissing the case without prejudice will preserve the ability of
21 Plaintiff to seek relief.  Thus, "[i]n an abundance—perhaps overabundance—of caution," the
22 Court finds that dismissal without prejudice is appropriate.  *Faulkner v. ADT Sec. Servs., Inc.*, 706
23 F.3d 1017, 1021 (9th Cir. 2013) (remanding to the district court in order to consider whether
24 dismissal should have been without prejudice).

25 Accordingly, because it is not clear that Plaintiff consented to the undersigned's
26 jurisdiction, the Court hereby **ORDERS** the Clerk of Court to reassign this case to a district court
27 judge.  The undersigned **RECOMMENDS** that the newly-assigned judge **DISMISS** this case
28 **WITHOUT PREJUDICE** for failure to prosecute and failure to comply with the Court's

4

deadlines and orders.

Pursuant to Federal Rule of Civil Procedure 72, any party may serve and file objections to this Report and Recommendation within 14 days after being served.

**IT IS SO ORDERED AND RECOMMENDED.**

Dated: September 11, 2015

_____
MARIA-ELENA JAMES
United States Magistrate Judge